Receipt Number

550660

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL ANTHONY SWAFFORD

    Plaintiff,

v.

CITY OF WARREN, MATTHEW NICHOLS,
KIMBERLY TEOLIS, ROBERT JONES and
WILLIAM ASHCRAFT,
in their individual and official capacities,

    Defendants.
_____/

Case: 2:06-cv-15093
Assigned To: Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Filed: 11-14-2006 At 01:08 PM
CMP SWAFFORD VS CITY OF WARREN ET AL (LE)

MICHAEL A. RATAJ, P.C.
MICHAEL A. RATAJ (P43004)
Counsel for Plaintiff
24234 Michigan Avenue
Dearborn, MI 48124
(313) 724-1700

RICHARD T. URBIS, P.C.
RICHARD T. URBIS (P36107)
Co-counsel for Plaintiff
410 W. University Dr. Ste. 100
Rochester, Michigan 48307
(248) 601-2283
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MICHAEL ANTHONY SWAFFORD, by and through his attorneys, MICHAEL A. RATAJ and RICHARD T. URBIS, and in support of his Complaint against the above named Defendants, state as follows:

### JURISDICTIONAL ALLEGATIONS

1.    Jurisdiction is proper under 28 USC § 1343.

2.    Plaintiff is a resident of the City of Warren, County of Macomb, State of

Michigan.

3. The individual Defendants, Matthew Nichols, Kimberly Teolis, Robert Jones and William Ashcraft are police officers working for or assigned to the police department for the defendant City of Warren, acting individually under color of law and in the scope of their employment.

4. Defendant City of Warren is a municipality in the County of Macomb and State of Michigan.

5. This is an action for *inter alia* damages in connection with the deprivation of Plaintiff Michael Swafford's rights as guaranteed by the Constitution of the United States, particularly the Fourth and Fourteenth Amendments and for other damages as set forth in his pendant state claims.

6. The amount in controversy exceeds Two Million ($2,000,000.00) Dollars.

## FACTUAL BACKGROUND

7. On July 22, 2006, at approximately 2:51 p.m., Plaintiff was operating a 2003 Yamaha R6 motorcycle on eastbound Interstate 696 between the Groesbeck and Gratiot exit ramps.

8. Shortly after entering the Interstate 696 expressway Michael Swafford became aware of what he first believed was an emergency vehicle in the far distance behind him with its lights activated.

9. Immediately after becoming aware of the emergency lights, Michael Swafford slowed his motorcycle and moved from the left lane to the right and shoulder of the expressway.

10. During the short period of time within which Michael Swafford moved to the right shoulder of the expressway, it became apparent to Michael Swafford that the vehicle was a patrol car and that he was the focus of a traffic stop.

11. Upon reaching the right shoulder of the expressway, Michael Swafford turned the motorcycle off and removed his helmet. As he was doing so, the patrol car skidded to a stop in front of Michael Swafford's parked motorcycle and two officers believed to be Defendants Nichols and Teolis exited the patrol car.

12. As Defendant Nichols exited the patrol car he drew a handgun and pointed it over the patrol car and targeted at Michael Swafford.

13. Being unarmed and in imminent fear of his life, Michael Swafford immediately raised his hands above his head and continued to straddle his motorcycle without moving.

14. Defendant Nichols then lunged toward Michael Swafford and shouted for Michael Swafford to put his hands behind his back.

15. Fearing that Defendant Nichols would fire his still drawn weapon if he moved, Michael Swafford continued to hold his hands above his head for the few seconds that passed before Defendant Nichols physically confronted him.

16. Although Michael Swafford remained in the same passive position with his hands above his head, without reason or warning Defendant Nichols immediately struck Michael Swafford in the left temple area with his closed fist.

17. Without hesitating, Defendant Nichols continued his assault upon Michael Swafford by kicking Michael Swafford in the left upper leg with sufficient force to cause Michael Swafford and his motorcycle to be thrown to the ground.

18. As Michael Swafford remained with his face pressed to the ground, Defendant Nichols delivered repeated closed-fist blows to the back and side of Michael Swafford's head while using his knee to deliver a full force blow to Michael Swafford's right side and rib cage.

19. Having inflicted blows sufficient to paralyze Michael Swafford, who

struggled to breathe, Defendant Nichols further immobilized Michael Swafford by placing his knee in the center of Michael Swafford's back and transferring the force of his body weight upon Michael Swafford.

20. While Michael Swafford was pinned to the ground, Defendant Nichols placed a handcuff on Michael Swafford's right wrist which had been pulled behind him.

21. Defendant Nichols then kneeled upon Michael Swafford's right wrist with sufficient force to lacerate the wrist area while simultaneously delivering additional closed-fist blows to the back and side of Michael Swafford's head.

22. Before connecting the handcuffed right hand to Michael Swafford's left hand which had been pulled behind Michael Swafford's back, Defendant Nichols used his knee to deliver another blow to Michael Swafford's side.

23. After Michael Swafford was fully handcuffed, Defendant Nichols used his knee to pin Michael Swafford's head to the ground before spraying Michael Swafford's face with a chemical that caused intense burning and blindness and further loss of breath.

24. Michael Swafford was then lifted to his feet by Defendant Nichols who ordered Michael Swafford to spread his legs while Michael Swafford was thrown against the patrol car.

25. Defendant Nichols then struck Michael Swafford in his genital area and repeatedly slammed Michael Swafford's face against the trunk of the patrol car.

26. At various times Defendant Nichols added derogatory comments to his uncontrolled battery by verbally assaulting Michael Swafford and threatening his life with comments such as, "I don't care if you die."

27. During the entire assault, Defendant Teolis did nothing to prevent or stop

the brutal attack and instead stated words to the effect of "that's what you get" or "that's what you deserve" and "are you stupid"?

28. Upon information and belief, Defendants Jones and Ashcraft had arrived at the scene while the assault continued and neither took any action to protect Michael Swafford but did order witnesses who had gathered to leave because, "you don't need to see this".

29. Michael Swafford uttered his first words after he was placed in the rear of the patrol car. As Michael Swafford begged for assistance from the excruciating pain in his facial area which he could not reach while his hands were cuffed behind his back, Defendant Nichols made comments about the "desired effect" of pepper spray and how Michael Swafford's "nice bike" was "gonna need some touch up paint".

30. Upon reaching the Warren police station, Michael Swafford was sitting in the patrol vehicle with blood and mucus running down his face. Defendant Nichols called over two other police officers who were present in the parking lot and stated, "I want you to meet Mike, he's a hotdog on a motorcycle", after which all of the officers laughed.

31. During the entire period during which Michael Swafford was detained by the Warren Police Department, including at its Police Station, medical care and attention was refused and denied.

32. Following his release, Michael Swafford obtained emergency medical treatment for extreme contusions, burns, lacerations, closed head injuries, damage to ribs, and other violent trauma to his entire body.

33. Upon returning to his home, Michael Swafford suffered additional embarrassment and immediate psychological harm when his wife, VICTORIA

ELIZABETH SWAFFORD, became distraught and was herself injured from contact with the chemical used by Defendant Nichols during his assault which remained on Michael Swafford's face and came in contact with VICTORIA ELIZABETH SWAFFORD'S skin.

34. In addition to immediate and continuing physical injuries sustained, Michael Swafford continues to suffer from extreme psychological harm and debilitating emotional distress.

35. Although the Warren police charged Michael Swafford with the State of Michigan fourth degree felony of fleeing a police officer (MCL 257.602a(2)) after the incident; at Michael Swafford's first scheduled Court appearance on August 1, 2006 where the Defendant officers were obligated to appear and be cross examined at the Preliminary Examination hearing, Defendant Nichols instructed the Macomb County Prosecuting Attorney to agree to dismiss the felony charge and offer a civil infraction of careless driving which would eliminate Michael Swafford's right to conduct a Preliminary Examination.

36. At the August 1, 2006 Court appearance Michael Swafford accepted responsibility for his offense of speeding that was then charged as careless driving and all other charges were dismissed.

## COUNT I
## ASSAULT AND BATTERY

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. At the relevant times set forth above, the individual Defendants Nichols and Teolis did threaten Michael Swafford or cause Michael Swafford to be threatened by use of a firearm and with involuntary, unnecessary and excessive physical contact,

namely grabbing, pushing, pulling, striking, kicking and chemical spraying of Michael Swafford by Defendants.

39. At all times herein the physical contact described in paragraphs 16-30 above was inflicted upon Michael Swafford.

40. Said physical contact was unnecessary and excessive; furthermore, said physical contact was without probable cause or any legal justification whatsoever.

41. As a proximate cause of the aforementioned assaults and batteries, Michael Swafford sustained immediate, continuing and permanent injuries and damages.

## COUNT II
## CITY OF WARREN CONSTITUTIONAL VIOLATIONS

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Acting intentionally, recklessly and/or with deliberate indifference, Defendant City of Warren practiced and/or permitted conduct, customs and/or policies; or failed to properly train and instruct its police force, which resulted in the violations of Michael Swafford's constitutional rights complained of herein.

44. The City of Warren's conduct included, but was not limited to:

   a. failing to train its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without use of excessive force;

   b. failing to supervise its police officers when making arrests so as to prevent arrest of citizens without probable cause and without the use of unreasonable and unnecessary excessive force;

   c. failing to supervise, review and/or discipline police officers whom the City of Warren knew or should have known were conducting arrests without probable cause and with

        unreasonable and unnecessary excessive force, permitting
and/or encouraging its police officers to conduct arrests
despite the absence of probable cause, and through the use of
excessive force;

45. As a direct and proximate result of the constitutional violations committed by Defendants, Michael Swafford has suffered the damages and injuries described herein.

## COUNT III
## GROSS NEGLIGENCE

46. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. At all times relevant hereto, the Defendant officers were acting as employees of the City of Warren.

48. The Defendant officers had a duty to perform their employment activities so as not to endanger, cause harm to, or violate the constitutional rights of individuals, including Michael Swafford.

49. The Defendant officers breached this duty by acting with indifference or with gross negligence and without regard to Michael Swafford's welfare.

50. The Defendants knew or should have known that by their grossly negligent conduct harm would come to Michael Swafford.

51. Pursuant to MCL 691.1407 (2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

52. As a direct and proximate result of Defendants' grossly negligent acts and/or omissions, Michael Swafford suffered immediate, continuing and permanent physical and psychological injuries, trauma, distress and damages.

53. Because of their grossly negligent conduct, Defendants are liable to Michael

Swafford for punitive as well as compensatory damages.

## COUNT IV
## INDIVIDUAL DEFENDANTS' CONSTITUTIONAL VIOLATIONS

54. Plaintiff repeats and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. At all relevant times, Defendants were acting under color of law.

56. As a result of the conduct complained of herein, Michael Swafford suffered deprivation of clearly established rights protected and secured by the Constitution of the United States and of the State of Michigan and by other laws, including, but not limited to:

> a. the right to be free from deprivation of liberty and bodily security and integrity without due process of law;
>
> b. the right to be free from unreasonable searches and seizures.

57. The individual Defendants' actions in using unnecessary and excessive physical force, or in failing to act to prevent harm and injury, were at all times intentional, reckless, and/or deliberately indifferent to Michael Swafford's rights as set forth under the Fourteenth Amendment to the United States Constitution.

58. As a result of Defendants' violation/deprivation of Michael Swafford's Constitutional rights, Michael Swafford is entitled to assert claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

59. As a direct and proximate cause of Defendants' actions, Michael Swafford has suffered and will continue to suffer severe physical and psychological injuries and damages.

WHEREFORE, Michael Swafford requests that this Honorable Court enter judgment

in his favor and against Defendants jointly and severally in an amount sufficient to compensate him for his damages together with punitive damages allowed by law and his costs including attorneys' fees and interest, but in no event less than Two Million Dollars ($2,000,000.00).

          Respectfully Submitted,

          LAW OFFICES OF MICHAEL A. RATAJ, P.C.
          And RICHARD T. URBIS, P.C.

          By: _____
          MICHAEL A. RATAJ (P43004)
          Attorney for Plaintiff
          24234 Michigan Avenue
          Dearborn, MI  48124
          (313) 724-1700

DATED:   November 9, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY SWAFFORD,

         Plaintiff,

v.

CITY OF WARREN, MATTHEW NICHOLS,
KIMBERLY TEOLIS, ROBERT JONES and
WILLIAM ASHCRAFT,
in their individual and official capacities,

         Defendants.

Case: 2:06-cv-15093
Assigned To: Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Filed: 11-14-2006 At 01:08 PM
CMP SWAFFORD VS CITY OF WARREN ET AL (LE)

_____/

MICHAEL A. RATAJ, P.C.
MICHAEL A. RATAJ (P43004)
Counsel for Plaintiff
24234 Michigan Avenue
Dearborn, MI 48124
(313) 724-1700

RICHARD T. URBIS, P.C.
RICHARD T. URBIS (P36107)
Co-counsel for Plaintiff
410 W. University Dr., Ste. 100
Rochester, MI 48307
(248) 601-2283
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, MICHAEL SWAFFORD, by and through his attorneys, LAW OFFICES OF MICHAEL A. RATAJ, P.C. and RICHARD T. URBIS, P.C., and hereby makes a Demand for Trial by Jury in the above-entitled cause.

         Respectfully Submitted,
         LAW OFFICES OF MICHAEL A. RATAJ, P.C. and
         RICHARD T. URBIS, P.C.

         BY: _____
         MICHAEL A. RATAJ (P43004)
         Attorney for Plaintiff
         24234 Michigan Avenue
         Dearborn, MI 48124
Dated: November 9, 2006         (313) 724-1700

# CIVIL COVER SHEET

County in which this action arose: Macomb

(Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Anthony Swafford

### DEFENDANTS
City of Warren, Matthew Nichols, Kimberly Teolis, Robert Jones and William Ashcraft

(b) County of Residence of First Listed Plaintiff: Macomb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Macomb
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. Rataj, PC (313)724-1700
Michael A. Rataj (P43004)
24234 Michigan Ave, Dearborn, MI 48124

Attorneys (If Known): unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

Case: 2:06-cv-15093
Assigned To: Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Filed: 11-14-2006 At 01:08 PM
CMP SWAFFORD VS CITY OF WARREN ET AL (LE)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause: Use of excessive force by police

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY: N/A
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 11-1-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes: