UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY SWAFFORD,

    Plaintiff,

v.

CITY OF WARREN, et al.,

    Defendants.
_____/

CIVIL ACTION NO. 06-15093

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I. RECOMMENDATION**:

I recommend that the relief requested in Officer Nichols' Supplemental Brief/Exhibits in Support of Motion for Costs and Attorney Fees be denied.

**II. REPORT**:

### A. Factual History

The sole remaining dispute in this action relates to the entitlement of Defendant Matthew Nichols to an award of attorney fees for services rendered by his privately retained attorneys, Dolenga and Dolenga, PLLC. The facts underlying the dispute are uncontroverted .

This case arose from a police/citizen contact between Police Officers of the City of Warren, including Defendant Matthew Nichols ("Nichols"), and Plaintiff, Michael Anthony Swafford. Swafford filed his Complaint on November 14, 2006, alleging that Nichols and other Warren officers physically and verbally abused him in the course of a traffic stop in July, 2006. The Complaint alleged assault and battery (Count One), constitutional violations by the City of Warren (Count Two), gross negligence (Count Three) and

constitutional violations by Nichols and the other officers involved in the incident. The firm of Garan Lucow Miller, P.C. ("Garan Lucow") was retained by the City to represent all Defendants.

Defendant Nichols was a participant in a legal services plan available to police officers through the Professional Law Enforcement Association ("PLEA"). In exchange for a yearly premium, PLEA provides legal services to police officers. Because the Complaint in this action sought punitive damages against Nichols, which damages the City would not be obligated to pay, he decided to hire personal counsel. To that end, he tendered the Complaint to PLEA, which retained Dolenga and Dolenga, PLLC ("Dolenga") to serve as counsel to Nichols. Dolenga rendered services on Nichols behalf during the pretrial phase of the case, including a case evaluation process. At all times, however, Garan Lucow actively represented all Defendants.

The case was submitted for evaluation under the Michigan Court Rules on September 24, 2007. The case evaluation award as to Defendants Nichols and Teolis was zero. Garan Lucow accepted the award on behalf of Nichols. Plaintiff rejected the award, however, and the case proceeded to trial before this court on July 28, 2009. On July 31, 2009, the jury rendered a verdict of no cause in favor of Defendants Nichols and Teolis.

MCR 2.403(O)(1) provides that a party who rejects an evaluation and proceeds to trial must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. MCR 2.403(O)(6) defines actual costs to include (a) those costs taxable in any civil action, and (b) a reasonable attorney fee based on the hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

2

On August 19, 2009, Garan Lucow filed a Motion for Costs and Attorney Fees rendered by that firm on Nichols' behalf. The Motion did not seek reimbursement for attorney services rendered to Nichols by Dolenga. On September 1, 2009, Dolenga filed "Officer Nichols' Supplemental Brief/Exhibits in Support of Motion for Costs and Attorney Fees" seeking reimbursement from Plaintiff for the legal services rendered by that firm on Nichols' behalf. Plaintiff filed his Objections to the Supplemental Brief on September 30, 2009. Dolenga filed a Reply Brief on October 5, 2009. The parties appeared for hearing on October 6, 2009, and the matter was taken under advisement pending an evidentiary hearing. That hearing occurred on December 11, 2009.

On December 21, 2009, the parties entered into a Stipulation to the entry of Judgment for Costs and Attorney Fees in the amount of $20,000.00 to discharge the obligation for attorney fees and costs due to Garan Lucow. The attorney fees sought by Dolenga in its Supplemental Brief remain contested.

**B.     Analysis**

Under Michigan law, the burden of proving the reasonableness of an attorney fee rests with the requesting party. Smith v. Khouri, 481 Mich. 519, 528-29 (2008). Having reviewed the written submissions of the parties, and the presentations at the evidentiary hearing, I conclude as follows:

   1. Garan Lucow rendered a full defense of Nichols on the issue of liability for Plaintiff's alleged injuries.

   2. Dolenga's participation in the case on behalf of Nichols was not sought by Garan Lucow, and was entirely separate from, albeit complementary to, Garan Lucow's representation.

3

3. Nichols was free to retain additional counsel to protect his interests, but Plaintiff is only responsible for the payment of "a reasonable attorney fee . . . as determined by the court for services <u>necessitated</u> by the rejection of the mediation evaluation."  MCR 2.403(O)(6) (emphasis added).

4. Garan Lucow, alone, accepted the mediation award on behalf of Nichols.

5. The "zero" mediation award was an indication that the liability case against Nichols was not strong.

6. Garan Lucow, alone, represented Nichols at trial, and the resulting verdict denied Plaintiff's claims in their entirety.

7. While Garan Lucow and Dolenga acted cooperatively in representing Nichols, each representation was distinct and based upon a separate contractual arrangement.

8. As their representations of Nichols were separate and distinct, Garan Lucow and Dolenga were each separately responsible for a timely attorney fee request.

9. Pursuant to MCR 2.403(O)(8), a request for costs must be filed and served within 28 days after the entry of judgment . . ..

10. Judgment was entered on July 31, 2009 (Docket #36).

11. The attorney fee request submitted by Garan Lucow on August 19, 2009 was timely.

12. The attorney fee request submitted by Dolenga on September 1, 2009 was untimely.

13. As Garan Lucow's successful defense of the underlying liability claim against Nichols foreclosed any possibility of punitive damages, Dolenga's services with regard to the contingent claim for punitive damages were not necessitated by Plaintiff's rejection of the mediation award.

Based upon the foregoing conclusions, I recommend that Plaintiff's Objection and Opposition to Officer Nichols' Supplemental Brief/Exhibits in Support of Motion for Costs and Attorney Fees be sustained, and that no award of fees be entered with respect to Dolenga and Dolenga, PLLC.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: February 8, 2010

_____

## CERTIFICATE OF SERVICE

     I hereby certify on February 8, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 8, 2010: **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217